ON APPLICATION FOR REHEARING
On rehearing, the mother argues that the holding of this court "forever bars" a parent from seeking further training or education to better the quality of life. She argues that the majority holding takes *Page 703 
away her right to seek her law school degree. She again citesThomas v. Thomas, 281 Ala. 397, 203 So.2d 118 (1967), to support her arguments.
The facts in Thomas are clearly distinguishable from the facts in the instant case. In Thomas, a husband was allowed toreduce support payments for a time certain while he completed a medical residency, which would ultimately increase his earning capacity. He had competed with approximately 700 applicants for the residency program prior to the divorce, but did not receive notification of acceptance until after the divorce. There was no mention in Thomas of any increased needs or expenses to make such reduction inappropriate in those circumstances. Thomasdeferred support payments and provided for the resumption of support payments once the residency was completed.
Our concern here is whether a parent may choose to put her desire for further education before the existing and specialneeds of her children. The evidence in this case shows that the children's financial needs have increased since the divorce due to special medical, dental, and psychological expenses for the children that did not exist previously. These children haveexisting financial needs that must be met by someone. The mother has the ability to meet these existing needs. While "the prospect of improving [her] professional competence is a strong one," a parent's obligations for support payments are factors to be considered along with other factors." Thomas at 403,203 So.2d 118.
As noted in the opinion, there are occasions when a brief interruption, reduction, or deferral of one's support obligation may ultimately benefit the children because of increased earnings or improvement in one's ability to pay the support. Nonetheless, the law does not allow one to " shield himself from such obligation by a willful abandonment of his earning capacity in order to defeat such obligation."Thomas at 403, 203 So.2d 118. Clearly, interruptions or reductions are permitted when appropriate. Stewart, supra;Thomas, supra. The circumstances in this case, however, are inappropriate for such.
OPINION EXTENDED; APPLICATION FOR REHEARING OVERRULED.
RUSSELL, J., concurs.
ROBERTSON, P.J., dissents.